UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MCLEMORE, o/b/o M.M., | No. 2:18-cv-00107-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff M.M. by and through his father Donald McLemore, seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally argues that the Commissioner's decision is based upon legal error and not supported by substantial evidence. (ECF No. 13) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 14.) Thereafter, plaintiff filed a reply brief. (ECF No. 17.)

After carefully considering the record and the parties' briefing, the court GRANTS plaintiff's motion for summary judgment and DENIES the Commissioner's cross-motion for

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties have consented to the jurisdiction of the undersigned. (See ECF Nos. 7, 20.)

1

summary judgment. The final decision of the Commissioner is REVERSED and the case is REMANDED for further administrative proceedings consistent with this order.

I.     BACKGROUND

Plaintiff was born on May 19, 2002, and was a child under the age of 18 at the time of his December 20, 2013 application for SSI.[2] (Administrative Transcript ("AT") 23, 185.) In his application for SSI, plaintiff alleged that his disability began on May 19, 2004, and that he was disabled due to autism, speech delay, and developmental delay. (AT 70, 185.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on February 4, 2016. (AT 43-68.)

The ALJ subsequently issued a decision dated August 22, 2016, determining that plaintiff had not been under a disability as defined in the Act, since December 20, 2013. (AT 20-38.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on November 20, 2017. (AT 1-4.) Plaintiff filed this action on January 16, 2018, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.     ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ erred by failing to consider Listing 112.10; (2) whether the ALJ failed to follow 42 U.S.C. § 1382c(a)(3)(1), as interpreted by <u>Howard ex rel. Wolff v. Barnhart</u>, 341 F.3d 1006 (9th Cir. 2003), and Social Security Acquiescence Ruling 04-1(9), 69 Fed.Reg. 22,578-03; and (3) whether the ALJ's functional equivalence analysis is supported by substantial evidence.[3]

III.     LEGAL STANDARDS

    A.     <u>General Standard of Review</u>

The court reviews the Commissioner's decision to determine whether: (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g); and (2) substantial evidence in the record

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to his impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff's opening brief raises the issues in a somewhat different order.

2

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

    B.  Sequential Evaluation for Childhood Disability Claims

    An individual under the age of 18 is considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations prescribe a three-step sequential evaluation process to determine whether a child's impairment or combination of impairments results in marked and severe functional limitations:

    (1) Is the child engaged in substantial gainful activity? If so, the child is not disabled, regardless of his medical condition, age, education, or work experience. If not, the analysis proceeds to step two. 20 C.F.R. § 416.924(a), (b).

    (2) Does the child have a medically determinable impairment or combination of impairments that is severe, i.e., that causes more than minimal functional limitations? If not, the child is not disabled. If so, the analysis proceeds to step three. 20 C.F.R. § 416.924(a), (c).

    (3) Does the child's impairment or combination of impairments meet, medically equal, or functionally equal a listing? If not, the child is not disabled. If so, and the duration requirement is satisfied, the child is disabled. 20 C.F.R. § 416.924(a), (d).

    To meet or medically equal a listing, the child's impairment(s) must meet or medically equal a set of criteria for the particular impairment as outlined in the Listings, 20 C.F.R. Part 404, Subpart P, App. 1. See 20 C.F.R. § 416.924(d); Sullivan v. Zebley, 493 U.S. 521, 530 (1990)

("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria").

To determine whether a child's impairment(s) functionally equals a listing, the ALJ must assess the functional limitations caused by the child's impairment(s) in six domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(a), (b)(1). A child's impairment(s) functionally equals a listing when it is of listing-level severity, i.e., if it results in "marked" limitations (limitations that interfere seriously with the child's ability to independently initiate, sustain, or complete activities) in at least two domains of functioning, or "extreme" limitations (limitations that interfere very seriously with the child's ability to independently initiate, sustain, or complete activities) in at least one domain of functioning. 20 C.F.R. § 416.926a(a), (e).

IV.   DISCUSSION

   A.   Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the above-mentioned three-step analytical framework. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 20, 2013, plaintiff's SSI application date. (AT 23.) At the second step, the ALJ determined that plaintiff had the following severe impairments: autism spectrum disorder and learning disorder. (Id.) At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. (Id.) Additionally, the ALJ determined that plaintiff did not have an impairment or combination of impairments that functionally equals a listing. (Id.) Accordingly, the ALJ determined that plaintiff had not been disabled, as defined in the Act, from December 20, 2013, through the date of the ALJ's decision. (AT 37.)

   B.   Plaintiff's Substantive Challenges to the Commissioner's Determinations

The issues presented by plaintiff share a common theme — that the ALJ failed to sufficiently explain his reasoning and conclusions. (See generally ECF No. 13.) Such arguments can tend to elevate form over substance, and the court is hesitant to remand a case simply because

4

an ALJ's decision is awkwardly written or less than optimally explained. Provided, however, that the court can infer sufficient reasoning behind the ALJ's conclusions, which are supported by substantial evidence in the record. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion. It is proper for us to read the . . . opinion, and draw inferences . . . if those inferences are there to be drawn").

Importantly, a reviewing court's ability to draw such inferences has limitations. In Brown-Hunter v. Colvin, the Ninth Circuit Court of Appeals explained:

> Ever mindful of our duty not to substitute our own discretion for that of the agency, we have emphasized that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." Thus, although we will not fault the agency merely for explaining its decision with "less than ideal clarity," we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.
>
> A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless.

806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted); see also Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947) ("a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency").

In this matter, the ALJ failed to set forth all of his reasoning in a way that allows for meaningful review. Most troublingly, the ALJ failed to clearly explain his reasoning at step three.

1. *Whether the ALJ erred by failing to consider Listing 112.10*

At step three, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). Yet, here, the ALJ dispensed with this issue in precisely such

a conclusory fashion. The ALJ stated:

> The evidence does not support that the claimant has the severity of symptoms required either singly or in combination to meet or equal a medical Listing. No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. A more detailed discussion to support this finding follows.

(AT 23.)

The discussion that followed did not adequately support this conclusion. The ALJ considered in detail whether plaintiff's impairments *functionally* equal a listing, with a summation of plaintiff's medical records and a discussion of the six domains. (AT 23-37.) The ALJ did not explain how the medical evidence supports a finding that plaintiff's impairment's do not *meet or medically* equal any listing. Indeed, the ALJ did not reference any specific listing in the entire decision, including Listing 112.10. The ALJ's failure to explain his boilerplate conclusion is reversible error in this case.

In Lewis, the Ninth Circuit concluded that the ALJ's failure to explain his conclusion regarding the Listings was harmless error because the plaintiff "offered no theory, plausible or otherwise, as to how his seizure disorder and mental retardation combined to equal a listed impairment[] [n]or . . . evidence that shows that his combined impairments equal a listed impairment." 236 F.3d at 514. In contrast, in his motion for summary judgment, plaintiff presents a plausible theory as to how he meets Listing 112.10.

Listing 112.10 for autism spectrum disorder, for children age 3 to attainment of age 18, requires both:

> A. Medical documentation of both of the following:
>
> 1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and
>
> 2. Significantly restricted, repetitive patterns of behavior, interests, or activities.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the

6

| | |
|---|---|
| 1 | following areas of mental functioning (see 112.00F): |
| 2 | 1. Understand, remember, or apply information (see 112.00E1). |
| 3 | 2. Interact with others (see 112.00E2). |
| 4 | 3. Concentrate, persist, or maintain pace (see 112.00E3). |
| 5 | 4. Adapt or manage oneself (see 112.00E4). |

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Plaintiff demonstrates that the record contains documentation that could plausibly support a finding that plaintiff meets or medically equals both paragraphs of Listing 112.10. The ALJ gave significant weight to the consultative examination performed by Wendy M. McCray, Ph.D. (AT 28.) As plaintiff persuasively argues, Dr. McCray's opinion plausibly satisfies the paragraph A criteria for Listing 112.10 with the findings that plaintiff "meets the criteria for an Autism Spectrum Disorder;" has an impaired ability to "communicate by understanding, initiating and using language in an age-appropriate manner;" is markedly impaired in use of "multiple nonverbal behaviors such as eye-to-eye gaze and facial expressions;" and "demonstrates an apparent[] adherence to specific non-functional routines and rituals." (AT 471-72; ECF No. 13 at 11.)

As to the paragraph B criteria, the ALJ found plaintiff to have a marked limitation in the domain of "interacting and relating with others" (AT 34), which plausibly supports a finding that plaintiff also has a marked impairment in interacting with others, under B.2 of Listing 112.10. (ECF No. 13 at 1.) Plaintiff also shows that the record plausibly supports a second marked limitation for understanding, remembering, or applying information under B.1 of Listing 112.10, because plaintiff scored in the 0.1st percentile on a subtest score in 2011 for "understanding spoken paragraphs." (ECF No. 13 at 12; AT 467.)

Thus, plaintiff has pointed to evidence in the record that could plausibly support a finding that plaintiff meets or medically equals Listing 112.10. The court in no way suggests that the ALJ ought to reach such a conclusion. Nevertheless, the ALJ committed reversible error by failing to discuss Listing 112.10 with any specificity or clarity.

The Commissioner argues that any error here is harmless because "[t]here is a clear overlap with the analysis conducted [by the ALJ] in the six domains of functional equivalence and the 'paragraph B' criteria of Listing 112.10. As Plaintiff did not have a marked limitation in any two domains of functional equivalence, it follows that he did not have marked limitations in any two 'paragraph B' areas of mental functioning." (ECF No. 14 at 15.) This may be true, but the ALJ did not explicitly reach this conclusion in the first instance. The court cannot infer that the ALJ reasoned that his discussion of the six domains also necessarily dispensed with paragraph B of Listing 112.10, when the ALJ failed to mention Listing 112.10.

Even assuming that the Commissioner's post hoc reasoning is correct, under the regulations meeting or medically equaling a listed impairment, and functionally equaling a listing, each remain distinct avenues to a finding of childhood disability. See 20 C.F.R. § 416.924(d). At best, the ALJ's opinion conflated these two analyses without any clear explanation of his reasoning that would allow the court to perform a meaningful review. Instead, the ALJ concluded that plaintiff does not meet or medically equal any listing and promised that "a more detailed discussion to support this finding [would] follow[]." (AT 23.) The only discussion that followed, however, was a summation of plaintiff's medical records and a detailed analysis of the six domains. The ALJ did not explain how this discussion relates to whether plaintiff meets or medically equals a listing.

Consequently, the action is remanded for further consideration of whether plaintiff's impairments meet or medically equal the severity of one of the impairments listed in the Listings.

2. *Whether the ALJ failed to follow 42 U.S.C. § 1382c(a)(3)(1)*

In relevant part, 42 U.S.C. § 1382c(a)(3)(I) provides:

> In making any determination under this subchapter with respect to the disability of an individual who has not attained the age of 18 years . . . the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

In Howard, the Ninth Circuit interpreted Section 1382c(a)(3)(I) in the context of an appeal of the denial of SSI benefits to a minor. See Howard, 341 F.3d at 1013-14. The record in

Howard included evaluations, reports, and records of myriad treating and examining professionals and, as a result, the ALJ denied the claimant's multiple requests that a pediatrician or other similar specialist appear at the hearing and evaluate the minor's case. The district court affirmed the ALJ's decision on the basis of the well-developed record.

Although the Ninth Circuit concluded that substantial evidence supported the ALJ's decision, it reversed the decision of the ALJ based on a finding of legal error and remanded the matter for further development of the record. See Howard, 341 F.3d at 1014. In reversing and remanding, the Court of Appeals interpreted 42 U.S.C. § 1382c(a)(3)(I) "to mean that the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." Howard, 341 F.3d at 1014. Acknowledging that the record contained numerous experts' reports, the Ninth Circuit further clarified that "[t]here is a distinction, however, between having an expert evaluate a claimant with respect to that expert's particular specialty, and having an expert evaluate a claimant's case in its entirety, considering all of the medical records and determining whether those indicate that the claimant is disabled within the meaning of the Social Security Act." Id. at 1014 n.2. It ultimately concluded that "[d]espite the various reports of doctors and specialists indicating their independent views of [the minor's] situation, at no point did the ALJ have her case evaluated as a whole, nor did he indicate that there was a 'case' evaluation in the record." Id. at 1014.

The Social Security Administration disagreed with the breadth of the interpretation of Section § 1382c(a)(3)(I) provided in Howard. As a result, it issued Acquiescence Ruling 04-1(9), which explains how the holding of Howard is to be applied in administrative proceedings taking place within the Ninth Circuit. Acquiescence Ruling 04-1(9) provides that:

> For cases that are subject to this Ruling, ALJs and AAJs (when the Appeals Council makes a decision) must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as identified by the ALJ or AAJ) evaluates the case of the individual. To satisfy this requirement, the ALJ or AAJ may rely on case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert. When the ALJ relies on the

9

> case evaluation made by a State agency medical or psychological consultant, the record must include the evidence of the qualifications of the State agency medical or psychological consultant. In any case, the ALJ or AAJ must ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered.

69 Fed.Reg. at 22,580.

Here, the ALJ did not rely on an opinion from a consultant or specialist who reviewed the entire record. Rather, the ALJ gave significant weight to the opinions of the State agency medical consultants, psychiatrist David E. Gross, M.D. and psychologist Uwe Jacobs, Ph.D. (AT 30, 70-78, 80-91.) Drs. Gross and Jacobs reviewed the records available on April 16, 2014 and October 27, 2014, respectively. (AT 70-78, 80-91.) Yet, the administrative record includes medical evidence dated after October 27, 2014.

Plaintiff asserts that the ALJ erred by relying on these opinions because (1) neither consultant is a pediatric mental health specialist, and (2) neither reviewed the entire record. (See ECF No. 13 at 7-10.) The Commissioner counters that any error is harmless because (1) each consultant is clearly identified in the record as a mental health specialist, and (2) "the evidence post-dating the State agency doctors' opinions indicates Plaintiff's mental condition improved." (ECF No. 14 at 13-14.)

Even assuming that the Commissioner's arguments are correct, the ALJ failed to clearly consider these issues in the first instance. Because this case is being remanded, the court need not decide whether the ALJ's failure to explicitly address 42 U.S.C. § 1382c(a)(3)(I) was reversible error. At the same time, the ALJ is encouraged to clearly explain all of his reasoning on remand.

        3.     *Whether the ALJ's functional equivalence analysis is supported by substantial evidence*

Plaintiff also asserts that the ALJ failed to sufficiently explain his functional equivalence determination, and improperly discounted the testimony of plaintiff and his father. (ECF No. 13 at 13-15.) Because this matter is remanded for consideration of whether plaintiff meets or medical equals a listing, each of the ALJ's conclusions in these areas is subject to reevaluation on remand. As such, the undersigned declines to reach these issues at this juncture.

Importantly, on remand, the ALJ is free to develop the record in any other respects deemed appropriate, such as obtaining additional medical evidence or consultative examinations. The court does not instruct the ALJ to credit any particular opinion or evidence on remand. Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, at any particular step on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is GRANTED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: August 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

im.m.m.v.commissioner.101.order